

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kelly Eva<br>740 S. Harriet St.<br>Martinsville, IN 46151<br><br>　　Plaintiff,<br><br>v.<br><br>Academy Collection Service, Inc.<br>c/o Keith Dickstein, President<br>10965 Decatur Road<br>Philadelphia, PA 19154<br><br>　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>1:07-cv-1204-LJM-TAB<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around May 22, 2007, Plaintiff informed Defendant that Plaintiff had retained an attorney for bankruptcy, and provided her attorney's contact information.

10. During the communication referenced above, Defendant hung up on Plaintiff as Plaintiff was providing her attorney's contact information.

11. On or around May 22, 2007, despite Plaintiff's notice, Defendant contacted Plaintiff by telephone.

12. During the communication referenced in paragraph 11, Defendant threatened Plaintiff with garnishment.

13. During the communication referenced in paragraph 11, Plaintiff reiterated the above representation notice and Defendant replied that Plaintiff didn't know what the [expletive] Plaintiff was talking about.

14. During the communication referenced in paragraph 11, Defendant told Plaintiff Defendant is not talking to Plaintiff's [expletive] lawyer.

15. During the communication referenced in paragraph 11, Defendant again told Plaintiff that Plaintiff didn't know what the [expletive] Plaintiff was talking about, and then Defendant abruptly hung up the phone on Plaintiff.

16. In or around May 2007 and/or June 2007, Defendant contacted Plaintiff's mother on multiple occasions regarding Plaintiff's debt.

17. In or around May 2007 and/or June 2007, Defendant contacted Plaintiff's father on multiple occasions regarding Plaintiff's debt.

18. During one of the communications referenced in paragraph 17, Defendant told Plaintiff's father that Defendant was calling regarding a legal matter.

19. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collections Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Deborah A. Stencel
Bar # 23159-49
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: das@legalhelpers.com